# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS SCOTT,<br><br>   Plaintiff,<br><br> v.<br><br>B. VALDEZ, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:17-cv-00777-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM

(ECF No. 12)

**FOURTEEN-DAY DEADLINE**

Plaintiff Curtis Scott ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action was transferred to this Court on June 7, 2017. On December 22, 2017, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 11.) Plaintiff's first amended complaint, filed on January 22, 2018, is currently before the Court for screening. (ECF No. 12.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

## II. Plaintiff's Allegations

Plaintiff is currently housed at High Desert State Prison in Susanville, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP"). Plaintiff names the following defendants: (1) B. Valdez, Correctional Officer; (2) N. Karlow, Senior Librarian; (3) J. Villegas, Academic Teacher; (4) F.P. Field III, Associate Warden; (5) T. Elissage, Vice Principal; (6) G. Jaime, Chief Deputy Warden; and (7) S. Rimbal, Chief Deputy Warden. Plaintiff also lists "'Kern Valley State Prison'" Employee(s)." (ECF No. 12 at p. 3.)

Plaintiff seeks monetary damages and a declaratory judgment for alleged violations of the First and Fourteenth Amendments to the United States Constitution. Although the complaint is difficult to read, the Court summarizes Plaintiff's allegations as follows: While housed in KVSP

2

administrative segregation, Plaintiff submitted a legal form requesting copies of a habeas corpus petition, which was approved and granted by the KVSP Senior Librarian, Defendant Karlow. Defendant Karlow granted the copies on August 7, 2015, and Plaintiff proceeded to file a habeas corpus petition in the Monterey County Superior Court on October 5, 2015. The Monterey County Superior Court denied the petition on December 1, 2015.

Plaintiff then sought to advance the litigation of his denied habeas petition to a higher court. Plaintiff contacted KVSP ASU's Legal Officer, Defendant Valdez, concerning legal duplication services to advance his habeas corpus proceeding by an inmate legal duplication request form. Defendant Valdez and Plaintiff had a dispute concerning his legal rights to one original copy of his habeas petition, along with included exhibits and excerpts of relevant transcripts. Defendant Valdez responded that her supervisor, Defendant Karlow, instructed that without removal of Plaintiff's supporting documents and transcripts from his habeas petition, then no single copy would be provided.

Plaintiff alleges that he was deprived of his constitutional rights to one full, fair and complete opportunity to advance his habeas corpus proceeding. Plaintiff further alleges that Defendants' denial of an original copy of habeas corpus as required to advance his litigation deprived Plaintiff of his constitutional rights. In seeking redress for the denial of his original copy and legal access to courts, Plaintiff filed an administrative appeal on February 2, 2016. Defendants J. Villegas and F. P. Field III reviewed the appeal on March 14, 2016, and affirmed the initial denial of his right to an original copy of his habeas petition at the first level of appeal. Thereafter, Plaintiff filed a second level appeal on April 6, 2016. Defendants Elissage and Rimbal reviewed the appeal and affirmed the denial on May 9, 2016. Plaintiff filed a third level appeal, which amended the second level response, and returned it for further action. Defendants Elissage and Jaime again affirmed the denial. The appeal was returned to the third and final level of review on November 6, 2016. On November 21, 2016, the Chief of Administrative Appeals denied the third level of review without comment.

Plaintiff further alleges that Defendants Field and Karlow engaged in atypical treatment of Plaintiff and a continual pattern in violation of his First Amendment rights. Plaintiff contends that

the continual pattern of constitutional violations demonstrates intentional conduct.

Plaintiff assets that he suffered prejudice based on the denial of access to the courts for one full and complete habeas corpus filing. He was further prejudiced because the Monterey County Superior Court failed to properly identify the submitted exhibit in the habeas corpus petition.

Plaintiff also filed a petition for review in the California Supreme Court, which was denied on August 17, 2016, presumably after the Court of Appeal, Sixth Appellate District denied his petition. Plaintiff asserts that his petition was filed without supporting exhibits because of Defendants' purported denial of one original copy of the initial habeas corpus petition filed with the Monterey County Superior Court.

## III.    Discussion

### A.   Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

As with his original complaint, Plaintiff's amended complaint is difficult to read and understand. Plaintiff fails to demonstrate how the denial of copies prevented him from pursuing his habeas petition to the highest level of state court review. Plaintiff admits that he filed a petition not only with the Monterey County Superior Court, but also the California Court of Appeal and the California Supreme Court. There are not sufficient factual allegations in Plaintiff's complaint to demonstrate that he was unable to pursue his habeas petition to the highest state court or that his petitions were denied because of any purported failure to provide copies.

### B.      Access to Courts

Plaintiff alleges a violation of his right to access the courts. Although inmates have a

fundamental constitutional right of access to the courts, <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996); <u>Phillips v. Hust</u>, 588 F.3d 652, 655 (9th Cir. 2009), to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice with respect to contemplated or existing litigation," <u>Nev. Dep't of Corrs. v. Greene</u>, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing <u>Lewis</u>, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 566 U.S. 911 (2012); <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002).

Here, Plaintiff alleges that he was denied a copy of his original habeas corpus petition, which prevented him from appealing his habeas action beyond the Monterey County Superior Court. However, as Plaintiff admits in his amended complaint, he filed a habeas petition in both the Court of Appeal, Sixth Appellate District, and the Supreme Court of California, and at least one exhibit attached to his amended complaint confirms that he submitted a petition for review to the Supreme Court of California. (ECF No. 12 at p. 14.)

In an effort to state a cognizable claim, Plaintiff appears to omit exhibits from his amended complaint, which previously undermined his access to court claims. For instance, Plaintiff omits exhibits indicating that he received review of his habeas petition by the California Court of Appeal, which was summarily denied on June 23, 2015. The exhibits also demonstrate that he apparently failed to submit a timely petition for review in the Supreme Court of California., but Plaintiff subsequently was instructed by that court in July 2015 that if he wished to file a petition for writ of habeas corpus with the Supreme Court of California, then he should submit an original and ten copies of the petition form. The instructions did not mandate the attachment of documents to the form. It was noted, however, that if Plaintiff's institution refused to make copies, then the Supreme Court of California would accept the original form alone. (ECF No. 10 at 22.) Based on these exhibits, it is evident that Plaintiff cannot state an access to courts claim based on the unavailability of certain copies. Plaintiff cannot simply omit exhibits and allegations in an attempt to state a cognizable claim. <u>See</u>, <u>e.g.</u>, <u>Baker v. German</u>, No. 1:16–cv–01873–AWI–SAB PC, 2017 WL 1549953, at *2 (E.D. Cal. May 1, 2017); <u>Norwood v. Diaz</u>, No. 1:13–cv–01143–BAM PC, 2015 WL 418231, at *6 (E.D. Cal. Jan. 30, 2015) ("Plaintiff may not merely omit factual allegations in order to state a claim for relief.").

Plaintiff has not adequately alleged any injury or actual prejudice with respect to his habeas petition. As a practical matter, Plaintiff fails to demonstrate that any defendant engaged in culpable conduct that prevented Plaintiff from seeking habeas review by any particular court. Plaintiff's own allegations suggest that he submitted his habeas petition to the California Court of Appeal and the California Supreme Court, and there is nothing to indicate that Plaintiff's habeas petition was denied on anything other than the merits. Moreover, Plaintiff fails to demonstrate that the reviewing appellate courts lacked access to the original habeas petition and supporting exhibits filed in Monterey County Superior Court. As his prior exhibits demonstrated, the relevant court transcripts and administrative record were already on file with the Superior Court and could have been designated for transmittal to the appellate court. (ECF No. 10 at p. 13.) In other words, Plaintiff did not require an additional, separate, full and complete copy of the lower court filings in order to seek habeas review by the appellate courts.

### C. Inmate Appeals/Grievance Process

Plaintiff appears to bring suit against Defendants J. Villegas, F. P. Field III, Elissage, Rimbal and Jaime based on the handling and denial of his inmate appeals. However, Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his prisoner grievances. The existence of an inmate grievance or appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**June 15, 2018**__          ___/s/ Barbara A. McAuliffe___
                                    UNITED STATES MAGISTRATE JUDGE